IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KHOR CHIN LIM,

                                            ORDER

                Petitioner,

                                        13-cv-252-bbc

     v.

HEAD, DEPARTMENT OF
HUMAN SERVICE, ILLINOIS and
HOSPITAL ADMINISTRATOR,
ELGIN MENTAL HEALTH CENTER,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Khor Chin Lim, who says that he is being illegally detained at the Elgin Mental Health Center, located in Elgin, Illinois, brings this petition for writ of habeas corpus. From what I can tell from petitioner's filings, he is a pretrial detainee charged with possession of an explosive substance. Because he is still awaiting trial, his petition must be construed as filed under 28 U.S.C. § 2241. Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001) (petition for release from custody that is filed prior to trial is not second or successive collateral attack within meaning of § 2244).

      At first glance, it is unclear whether habeas relief is even available for petitioner. Under Younger v. Harris, 401 U.S. 37 (1971), federal courts are required to abstain from interfering in state proceedings that are "(1) judicial in nature, (2) implicate important state interests, (3) and offer an adequate opportunity for review of constitutional claims, (4) so

long as no extraordinary circumstance—like bias or harassment—exist which auger against abstention." FreeEats.com, Inc. v. Indiana, 502 F.3d 590 (7th Cir. 2007) (internal quotations and citations omitted). Although habeas relief may be granted to pretrial detainees, such relief is generally limited to speedy trial and double jeopardy claims, e.g., Olsson v. Curran, 328 Fed. Appx. 334, 335 (7th Cir. 2009), and petitioner does not seem to bring raise either type of claim in this petition.

In the usual case, the court might request petitioner to submit an amended petition for fully fleshing out any possible claims that this court may hear. However, the petition suffers from another defect that prevents this court from making such a request. Petitioner asserts that he is being held in the Northern District of Illinois for state court proceedings there. Therefore, under § 2241(d), the proper venue for this action is the Northern District of Illinois. Section 2241(d) ("[T]he application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him.").

Because of the time constraints placed on the filing of habeas petitions by § 2244(d), I find that it is more just to transfer petitioner's application to the Northern District of Illinois for further hearing and determination, as allowed by § 2241(d), than to direct him to refile his petition in that court.

ORDER

IT IS ORDERED that the clerk of court shall transfer petitioner Khor Chin Lim's petition for a writ of habeas corpus to the United States District Court for the Northern District of Illinois pursuant to § 2241(d).

Entered this 15th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge